UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| GREGORY LEWIS BRADLEY, JR.<br>    Plaintiff, | Case No. 1:19-cv-275 |
| vs. | Black, J.<br>Bowman, M.J. |
| UNDERWRITERS AT BANKERS<br>INS. CO. UNDER POLICY<br>NO. 527083660, *et al.*,<br>    Defendants. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff, a prisoner at the Warren Correctional Institution, in Lebanon, Ohio, brings this *pro se* action against "Underwriters at Bankers Insurance Company under Policy No. 527083660," "Underwriters at Allegheny Casualty under Policy No. AS2250k-3433," and the Ohio Department of Rehabilitation and Correction. Plaintiff's complaint is titled: "Complaint on a Fraudulent Claim for Debt and to Set Aside a Fraudulent Conveyance." (Doc. 1-1). However, it appears that he is challenging his 2011 Columbiana County, Ohio, Court of Common Pleas convictions for drug trafficking. Plaintiff has also filed four motions for default judgment. (Docs. 2-5). By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an

economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at

2

470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff's complaint is difficult to decipher.[1] However, the complaint refers to plaintiff's August 18, 2011 convictions (*see* Doc. 1-1, at PageID 20) and seeks monetary damages and release from prison for relief (*see* Doc. 1-1, at PageID 24-26). Liberally construing plaintiff's complaint, the Court understands plaintiff to be challenging his underlying 2011 drug-trafficking convictions.[2]

---

[1] For example, plaintiff alleges that "Defendants were hired by I plaintiff (the original mortgagee) as serfs and or peasants which guaranteed bond" (Doc. 1-1, at PageID 15), "Defendant misrepresented the consumer goods held [b]y I plaintiff (the policy holder) as a bailee," (Doc. 1-1, at PageID 16); and "Defendants, disguised I, plaintiff, as being fictitious worker and or things to be seized to stand in lieu for guarantor for the use of my photograph, commercial name, fingerprints, footprint, RNA, DNA and other identifying material" (Doc. 1-1, at PageID 19).
[2] Plaintiff previously filed a similar complaint in the Northern District of this Court, which was also construed as a challenge to plaintiff's underlying drug trafficking convictions and dismissed under 28 U.S.C. § 1915(e). *See*

3

To the extent that plaintiff seeks release from prison, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Wershe v. Combs*, 763 F.3d 500, 504 (6th Cir. 2014) ("Where the relief sought is 'a determination that he is entitled to immediate release or a speedier release from that imprisonment,' the prisoner must pursue relief through a writ of habeas corpus, not through § 1983.") (quoting *Preiser*, 411 U.S. at 500).

To the extent that plaintiff seeks monetary, injunctive, and/or declaratory relief related to alleged violations of his rights arising during his state criminal proceedings, his claims are barred by *Heck v. Humphry*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that a civil action under § 1983 cannot proceed if the action serves to undermine a criminal conviction not reversed on appeal or vacated by expungement or by writ of habeas corpus. *Heck*, 512 U.S. at 486-87. Plaintiff's claims, although unclear, appear to call into question his underlying drug-trafficking convictions. Because plaintiff does not allege that his convictions have been reversed on appeal or vacated by expungement or by writ of habeas corpus, his complaint is barred by *Heck*.

Accordingly, plaintiff's complaint should be dismissed without prejudice. In light of this Court's recommendation to dismiss plaintiff's complaint, his motions for default judgment (Docs. 2-5) should be denied as moot.

---

*Bradley v. Ohio*, No. 1:14-cv-811, 2014 WL 4302537 (N.D. Ohio Aug. 27, 2014).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's complaint be **DISMISSED without prejudice**, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. Plaintiff's motions for default judgment (Docs. 2-5) be **DENIED as moot**.

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*.  See *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

> *s/Stephanie K. Bowman*
> Stephanie K. Bowman
> United States Magistrate Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

GREGORY LEWIS BRADLEY, JR.  　　　　　Case No. 1:19-cv-275
　　　Plaintiff,

　　　　　　　　　　　　　　　　　　　　Black, J.
vs.　　　　　　　　　　　　　　　　　　　Bowman, M.J.

UNDERWRITERS AT BANKERS
INS. CO. UNDER POLICY
NO. 527083660, *et al*.,
　　　Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

6